ORIGINAL

# In the United States Court of Federal Claims

No. 17-1903C

(Filed: March 22, 2018)

**FILED**

MAR 2 2 2018

U.S. COURT OF
FEDERAL CLAIMS

**(NOT TO BE PUBLISHED)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| **BRIAN M. BURMASTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **UNITED STATES,** | ) |
| | ) |
| **Defendant.** | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Brian Burmaster, *pro se*, Milwaukee, Wisconsin.

Sean Siekkinen, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Chad A. Readler, Acting Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Tara K. Hogan, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, Brian Burmaster, has filed a complaint seeking equitable and monetary relief for harms allegedly caused by the United States. *See* Compl. at 1, 4;[1] Def.'s Mot. to Dismiss ("Def.'s Mot.") at 2, ECF No. 6. Though the exact facts and allegations are somewhat indefinite, it appears that Mr. Burmaster was indicted for "threatening communications" in 2008 and was subjected to two separate, allegedly unlawful incarcerations without ever standing trial. *See* Compl. App. B. at 4-5; Compl. at 2. He was first held in Utah for 506 days between 2008 and 2009 and in Louisiana for 735 days between 2015 and 2017, for a total of 1,241 days. Compl. at 2; Def.'s Mot. at 1. Mr. Burmaster claims that these detentions were unlawful because "[t]here was never a trial as mandated by the Sixth Amendment of our sacred [United States] Constitution." Compl. at 2. He claims that he was "denied . . . that fundamental human right"

---

[1]Because only portions of the complaint are paginated, citations to particular pages of the complaint refer to the order in which the pages actually appear.

by "[g]overnment psychiatrists [who] . . . falsely stat[ed] that [he] was incompetent to stand trial." Compl. at 2 (internal quotation marks omitted).

As a remedy for the alleged deprivation of his Sixth Amendment rights and the 1,241 "hostage days" he spent in prison without a trial, Mr. Burmaster requests "the sum of $112 million, which is in accordance with the international unlawful imprisonment rate []per the International Court of Justice." *See* Compl. at 2. According to Mr. Burmaster's reading of the decision of the International Court of Justice in *United States of America v. Iran*, hostages were compensated at the rate of $10,000 per day of captivity in 1979; "[i]n today's inflation-adjusted currency, this amounts to $30,000 per day." *See* Compl. at 2. Because Mr. Burmaster seeks treble damages against the United States under 18 U.S.C. § 1964(c), the Racketeer Influenced Corrupt Organizations ("RICO") Act, he claims putative damages totaling $112,000,000. *See* Compl. at 2, 4.

Mr. Burmaster also seeks various forms of equitable relief including declarations that "the United States of America is not a [r]ogue [n]ation," that "Americans honor both the word and letter of [their] international commitments," that the "'Mental Health' statutes (18 [U.S.C. §] 4241 through 18 [U.S.C. §] 4246)" are unconstitutional, and that Mr. Burmaster is "competent to stand trial." *See* Compl. at 4.

Pending before the court is the government's motion for dismissal of Mr. Burmaster's complaint under Rules 12(b)(1) of the Rules of the Court of Federal Claims for lack of subject matter jurisdiction. *See generally* Def.'s Mot. Mr. Burmaster has responded in opposition to the government's motion, *see generally* Pl.'s Resp., ECF No. 7, and all briefing has been completed.

**STANDARDS FOR DECISION**

In any action, the plaintiff has the burden of establishing jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The leniency afforded to a *pro se* plaintiff with respect to formalities does not relieve *pro se* litigants of their obligation to satisfy jurisdictional requirements. *Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Tucker Act waives the sovereign immunity of the United States, *see United States v. Mitchell*, 463 U.S. 206, 212 (1983), and provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress[,] or any regulation of an executive department . . . for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, the Tucker Act does not provide a plaintiff with substantive rights. *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, to establish jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *Mitchell*, 463 U.S. at 216; *Testan*, 424 U.S. at 398). Jurisdiction over claims for money damages does not give rise to "independent jurisdiction over . . . claims for

equitable relief." *See Taylor v. United States*, 113 Fed. Cl. 171, 173 (2013); *see also United States v. King*, 395 U.S. 1, 2-3 (1969) (citing *Glidden Co. v. Zdanok*, 370 U.S. 530, 557 (1962)); *United States v. Jones*, 131 U.S. 1, 9 (1889), *United States v. Alire*, 73 U.S. (6 Wall.) 573, 575 (1867)); *Halim v. United States*, 106 Fed. Cl. 677, 684-85 (2012) (citing *National Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716-17 (Fed. Cir. 1998)) ("This court has never been afforded the general authority to issue declaratory judgments or to grant injunctive relief.").

This court also has jurisdiction over claims for damages attributable to "unjust conviction and imprisonment." 28 U.S.C. § 1495 ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned."). But a suit under Section 1495 must be accompanied by proof that the plaintiff's "conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted . . . or that he has been pardoned upon the stated ground of innocence and unjust conviction." 28 U.S.C. § 2513(a). Proof of such facts "shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and *other evidence thereof shall not be received.*" *Id.* § 2513(b) (emphasis added). Submission of the certificate specified in Section 2513(b) is necessary to establish a basis for a claim pursuant to Sections 1495 and 2513. *Sykes v. United States*, 105 Fed. Cl. 231, 233 (2012) (citing *Vincin v. United States*, 468 F.2d 930, 933 (Ct. Cl. 1972)); *see also Grayson v. United States*, 141 Ct. Cl. 866, 869 (1958).

"If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985); *see also Treviño v. United States*, 113 Fed. Cl. 204, 207 (2013) ("Where the court has not been granted jurisdiction to hear a claim, the case must be dismissed.") (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

## ANALYSIS

This court lacks jurisdiction over Mr. Burmaster's various claims for declaratory relief. *See Taylor*, 113 Fed. Cl. at 173. The court also lacks jurisdiction over any claims that may be cognizable under the RICO Act because jurisdiction over such claims "is conferred exclusively on the United States District Courts." *Cf. Lowe v. United States*, 76 Fed. Cl. 262, 266 (2007); 18 U.S.C. § 1964(c) ("Any person injured in his business or property by reason of a violation of [the RICO Act] may sue therefor in any appropriate *United States district court.*") (emphasis added). Therefore, Mr. Burmaster is not entitled to seek treble damages in this court.

Under the Tucker Act, the court's jurisdiction is limited to, among other things, claims "for liquated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To the extent that Mr. Burmaster alleges that his detentions were tortious, there is no jurisdiction to consider such claims. Pursuant to 28 U.S.C. §§ 1495 and 2513, this court also lacks jurisdiction over Mr. Burmaster's claims of unlawful imprisonment because he was not convicted of any offense against the United States, nor has he provided a certificate as proof of his innocence of the crimes for which he was indicted. *See* 28 U.S.C. § 2513(a)-(b). Because the provision of such a certificate is a prerequisite to establishing a cause of action, failure to provide it warrants

3

dismissal, whether for lack of jurisdiction, *Grayson*, 141 Ct. Cl. at 869, or for failure to state a claim, *Bobka v. United States*, 133 Fed. Cl. 405, 409-10 (2017); *Sykes*, 105 Fed. Cl. at 234.[2]

Mr. Burmaster's remaining claim is a right to damages for denial of "that fundamental human right" of a "public trial by an impartial jury" under "the Sixth Amendment." *See* Compl. at 2 (internal alterations omitted). Constitutional provisions can give rise to jurisdiction in this court when they are money mandating, *i.e.*, when they "explicitly [or] implicitly obligate the federal government to pay damages." *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (en banc). But "Sixth Amendment claim[s] . . . are [not] money mandating[,] . . . [and t]hus, they fall outside the jurisdiction of th[is c]ourt." *See Winston v. United States*, 465 Fed. Appx. 960, 961 (Fed. Cir. 2012).

In sum Mr. Burmaster has not asserted any claim that gives rise to jurisdiction in this court, and this action must be dismissed. *See Thoen*, 765 F.2d at 1116.

## CONCLUSION

For the reasons stated, the government's motion to dismiss Mr. Burmaster's complaint is GRANTED. The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Judge

---

[2]Even if this court had jurisdiction over Mr. Burmaster's claim of unlawful imprisonment, damages under the statute are capped, at most, at "$100,000 for each 12-month period of incarceration." *See* 28 U.S.C. § 2513(e).